## No. 12,899.

STATE OF LOUISIANA EX. REL. P. M. KENNER VS. EMILE ROST, JUDGE.

The petition for an injunction did not set forth the facts needful to show that relator was entitled to an injunction, and therefore *mandamus* did not issue to compel the District Judge to grant the writ of injunction for which the relator applied.

The relator was a party to a suit to authorize his wife, and in effect testified in the suit that he had no claim on the property.

After judgment he was without right to an injunction to prevent the execution of the judgment in which it was decided contradictorily with him that the one in whose favor the judgment was pronounced had the right of possession.

ON APPLICATION for Writs of *Mandamus* and Prohibition.

*Hiddleston Kenner* for Relator.

*Robert D. Dugué* and *Farrar, Jonas, Kruttschnitt & Gurley* for Respondent.

Submitted on briefs, at Chambers, July 23, 1898.
Opinion handed down, at Chambers, August 2, 1898.
Rehearing refused, at Chambers, reasons assigned, August 17, 1898.

The opinion of the court was delivered by

BREAUX, J., Relator applied for writs of *mandamus* and prohibition, whereby he seeks to compel the District Judge to grant him a writ of injunction.

He alleged before the District Court, in his petition for an injunction, that certain named persons are threatening to disturb him in and evict him from a dwelling house and premises in the execution of a judgment in a suit entitled Jos. Weill *et al.* vs. Emile Richaud *et al.*

He avers that he was not a party to the suit and was not named in the judgment.

That he is in possession of the house and premises from a date anterior to the contemplated eviction of more than one year.

The respondent judge, as relates to the facts, sets forth that the

dwelling house and premises form part of a plantation sold by the wife of relator to purchasers named by him; that the relator was at the time separate in property from his wife. That the vendor reserved the right of remaining on the property, free, to the thirty-first day of December, 1894.

That Richaud claimed to hold under a lease from her, made after the 31st of December, 1894.

That suit was brought by the purchasers against the asserted lessee, and against the heirs of the wife (she being dead when the suit was brought for the ownership and possession of the place).

It appears that citation was served on the husband, who was a party to the sale.

That he filed an exception, which was overruled. Afterward he pleaded a general denial as an answer; he denied that he was an heir of his late wife; he averred that her succession was not completely represented, that she had children who had not been made parties, and that the property was in possession of tenants, not parties to the suit.

That he did not claim as owner or that he was in possession.

That during the trial he in substance admitted that he had never owned the property.

The respondent annexed to his return a copy of the act of sale, which was offered in evidence in the case, showing that, as stated by him, the late Mrs. Kenner sold the property to Weill; that she was authorized by her husband, who now claims possession, to sell to Joseph Weill & Bros.

There was a judgment pronounced in the case against Emile Richaud, tenant, and the four surviving children and legal heirs of Mrs. Devia Ella Kenner, decreeing that the purchasers (plaintiffs in the suit) were entitled to the possession and ownership of the property.

It thus appears that relator was a party to the sale made by his late wife to Weill & Bros., and that he authorized her to sell the very property of which he now claims possession.

That he was one of the defendants in the suit brought, and in which judgment was pronounced, as just stated.

A question of possession and no question of title was at issue. In the suit the relator did not claim title or possession, but in substance disclaimed both.

State ex rel. Kenner vs. Judge.

In the case now before us for *mandamus* and prohibition, relator does not allege that he was in possession as owner or under any other right entitling him to possession.

The petition for an injunction does not set forth any of the facts required by Art. 49 of the Code of Practice: "Possession as an owner; the right to usufruct, or the use of the property or real right of any kind."

The relator was concluded by the judgment pronounced against his late wife from asserting any right of possession in himself in the manner called for by the article just cited.

Where it is manifest, as in this case, that the one applying for an injunction has no right to an injunction, the court can refuse to issue the writ.

Where it appears on the face of the application, or of the papers forming part of the application, or inseparably connected with the issues, that there is not the least ground for an injunction, the refusal to grant it is within the court's discretion.

The regularity of the proceedings to which the relator was, as we have heretofore stated, a party, is not questioned, and the truth of the averments made in that case are not denied.

How can the relator stand in judgment for a possession of property of which his wife was divested contradictorily with him, and in a case in which he in addition testified in effect that he had no right?

One seeking an injunction must show a clear or equitable right.

When no necessity is shown for the injunction as a means of protecting a right it should not issue.

Relator has not asserted a right which is not absolutely shown groundless.

We are constrained to decline to make the writ peremptory.

It is ordered, adjudged and decreed that the writ of *mandamus* applied for in this case is refused, and the rule *nisi* heretofore issued is discharged.

## ON APPLICATION FOR REHEARING.

BLANCHARD, J. A careful review of this case confirms the conclusion announced in our opinion in chief, that the application for injunction was groundless, and, therefore, properly refused by the judge *a quo*.

*Mandamus* will not lie to compel the granting of the writ of injunction where it appears that the applicant therefor is without standing to invoke the same.

Rehearing refused.

JUSTICES BREAUX and MILLER concur in refusing the rehearing.